**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GERALD MILES, | : | CIVIL ACTION |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | No. 11-2928 |
| | : | |
| Defendant. | : | |

**MEMORANDUM ON REQUEST FOR REVIEW**

**Baylson, J.** **April 26, 2012**

Claimant Gerald Miles seeks judicial review of a decision by the Commissioner of the Social Security Administration ("the Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33, 1381-83(f). After careful consideration of all the relevant facts and circumstances, and for the reasons explained below, Miles's request for review of the March 9, 2010 decision of the Administrative Law Judge ("ALJ") is DENIED.

## I. Background and Procedural History

On September 6, 2006, Miles filed an application for SSI, alleging disability beginning on May 1, 2006 due to schizophrenia, anxiety and post traumatic stress disorder. (Tr. 30, 106-13.) On July 20, 2007, Miles filed another application for SSI, alleging disability beginning on May 20, 2007 due to bipolar disorder. (Tr. 114-16.) The Commissioner denied both applications. (Tr. 64-72.) Miles did not seek review of the Commissioner's decisions. (Tr. 31.)

Subsequently, on March 27, 2009, Miles filed a new application for SSI, alleging disability beginning on February 1, 2009 due to scoliosis, arthritis, and degenerative disc disease. (Tr. 117-23.) The Commissioner also denied this application. (Tr. 73-77.) On July 2, 2009, Miles filed a written request for an administrative hearing regarding his application. A hearing was held on January 13, 2010 before ALJ Gerald J. Spitz. At the hearing, Miles was represented by a non-attorney representative and testified on his own behalf. (Tr. 12.)

On March 9, 2010, the ALJ issued an unfavorable decision regarding Miles's application, making numerous findings of fact and conclusions of law. (Tr. 12-19.) The ALJ determined that Miles suffers from the severe impairments of scoliosis, arthritis, and degenerative disc disease in the lumbar spin, and has also received medical treatment for depression. (Tr. 14.) However, the ALJ determined that Miles does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) The ALJ also determined that Miles has the residual functional capacity (the "RFC") to perform "light work," as that term is defined in 20 C.F.R. § 416.967(b), except that he may not be capable of lifting or carrying twenty pounds or more. (Tr. 15.) Finally, the ALJ concluded that Miles is capable of performing past relevant work as a dealer in a casino – a position that Miles held from 1989 to 1997, albeit not continuously – which does not require the performance of work-related activities precluded by Miles's RFC. (Tr. 19.)

Miles sought review of the ALJ's decision before the Appeals Council. On March 2, 2011, the Appeals Council denied his appeal. (Tr. 1-6.) On May 4, 2011, Miles filed a Complaint in this Court, requesting review of the Commissioner's decision. (ECF No. 3.) On

September 20, 2011, Miles filed a brief in support of his request for review. (ECF No. 14.) On October 24, 2011, the Commissioner filed a brief in response. (ECF No. 15.)

## II. Legal Standards

### A. Jurisdiction

The Social Security Act provides for judicial review by this Court of any "final decision of the Commissioner of Social Security" in a disability proceeding. 42 U.S.C. §§ 405(g), 1383(c)(3). A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id.

### B. Standard of Review

On judicial review of the Commissioner's decision, the Commissioner's findings of fact, "if supported by substantial evidence," are conclusive. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 633 (3d Cir. 2010) (internal quotation marks omitted). It is a standard requiring "less than a preponderance of the evidence but more than a mere scintilla." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).

In reviewing the record for substantial evidence, however, the Court must "not weigh the evidence or substitute [its own] conclusions for those of the fact finder." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted).

The Court's review of the legal standards applied by the ALJ is plenary. See Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005).

**C. Disability Claims Analysis**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has promulgated regulations requiring a five-step sequential analysis to determine the eligibility of claimants for benefits. First, if the claimant is engaged in substantial gainful activity, the claim is denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if the claimant is not suffering from a severe impairment or combination of impairments that significantly limits physical or mental ability to do basic work activities, the claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is suffering from severe impairments that meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claim is approved. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claim is not approved under Step 3, the claim will be denied if the claimant retains the RFC to meet the physical and mental demands of his past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). Fifth, if the claimant does not retain the RFC to perform past relevant work and there is no other work in the national economy that the claimant can perform (considering his RFC, age, education, and past relevant work experience), the claim is approved. 20 C.F.R. §§ 404.1520(g), 416.920(g).

**III. Summary of Miles's Contentions**

Miles contends that substantial evidence does not support the ALJ's determination that he has the RFC to perform past relevant work as a casino dealer and that the ALJ applied improper

legal standards in reaching this conclusion. Specifically, Miles argues that, although the ALJ correctly found that he has moderate difficulties in the areas of activities of daily living, social functioning, and maintaining concentration, persistence, or pace, the ALJ failed to recognize that he also has a limited ability to understand and remember complex or detailed instructions, thus precluding him from performing the job of casino dealer.

In support of this contention, Miles relies principally on a Psychiatric Review Technique (Tr. 231-43) and a Mental Residual Functional Capacity Assessment (Tr. 244-46) completed on December 20, 2006 by John D. Chiampi, Ph.D. in connection with his prior application for SSI due to mental disability, which the Commissioner rejected and which Miles did not appeal. At that time, as Miles observes, Dr. Chiampi imposed moderate limitations in the areas of activities of daily living, social functioning, and maintaining concentration, persistence, or pace, and understanding, remembering, and carrying out detailed instructions, among other things. (Tr. 244-45.)

Miles contends that the job description of casino dealer, as set forth in the Dictionary of Occupational Titles (the "DOT"), requires greater reasoning skills than he possesses. Specifically, Miles asserts that the DOT requires a Level 3 reasoning ability for a casino dealer,[1] but that the ALJ's imposition of moderate limitations in the areas of concentration, persistence, or pace, combined with Dr. Chiampi's finding of a limited ability to understand and remember complex or detailed instructions, suggests that Miles possesses at most a Level 2 reasoning

[1]The DOT defines Level 3 reasoning ability as: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."

ability.[2] Therefore, Miles contends that he does not have the reasoning skills to perform past relevant work as a casino dealer, inasmuch as that job is described in the DOT.

Miles argues that because no vocational expert testified at the administrative hearing, the ALJ was required to take into account the job description of casino dealer in the DOT in determining whether Miles has the RFC to perform past relevant work. Thus, according to Miles, by failing to consider the DOT, the ALJ could not adequately compare Miles's RFC assessment with the physical and mental demands of his past relevant work, or properly evaluate Miles's ability or inability to perform functional activities in his work. Accordingly, Miles requests that this Court reverse the decision of the Commissioner and rule that he is eligible to receive benefits, or in the alternative, remand the matter to the Commissioner for further administrative proceedings.

## IV. Discussion

Miles's contentions in support of his request for review are limited solely to the ALJ's analysis at Step 4 of the sequential evaluation process, which requires a determination of whether a claimant retains the RFC to meet the physical and mental demands of his past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). Step 4 involves three substeps: "(1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine

[2]The DOT defines Level 2 reasoning ability as: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."

whether claimant has the level of capability needed to perform the past relevant work." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 120 (3d Cir. 2000).

At Step 4, the ALJ must consider "all relevant evidence when determining an individual's residual functional capacity." Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001). Such evidence includes "medical records, observations made during formal medical examinations, descriptions of limitations by the claimant and others, and observations of the claimant's limitations by others." Id. Moreover, the ALJ's finding of RFC must "be accompanied by a clear and satisfactory explication of the basis on which it rests." Id. (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). The ALJ must not only provide "an expression of the evidence [he or she] considered which supports the result, but also some indication of the evidence which was rejected." Cotter, 642 F.2d at 705.

"The claimant bears the burden of demonstrating an inability to return to his past relevant work." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). "If the claimant does not meet the burden the claim is denied." Id.

Miles contends that the ALJ erred at each of the three substeps involved at Step 4 of the sequential evaluation process. The Court disagrees. Miles has simply not met his burden of demonstrating an inability to return to his past relevant work as a casino dealer.

**A. Miles's Residual Functional Capacity**

The Court rejects Miles's contention that the ALJ should have determined that he has a limited ability to understand and remember complex or detailed instructions in addition to finding that he has moderate difficulties in the areas of activities of daily living, social functioning, and maintaining concentration, persistence, or pace. Significantly, as the ALJ

recognized, although Miles has a medical history of treatment for mental health issues, he did not assert any mental limitations as a contributing cause of his disability in his applications for benefits currently at issue. (Tr. 18.) Miles did indeed apply for disability benefits due to mental impairments several years earlier. (Tr. 30, 106-16.) However, he did not appeal the Commissioner's denial of those applications. (Tr. 31.) Moreover, as the ALJ observed, Miles has not received any treatment for his mental health issues since July 2007 and he repeatedly stated at the administrative hearing that he no longer suffers from any mental issues. (Tr. 18, 37-38, 46.) Therefore, the ALJ did not err by failing to find that Miles has a limited ability to understand and remember complex or detailed instructions.

The finding by Dr. Chiampi, contained in a Psychiatric Review Technique (Tr. 231-43) and a Mental Residual Functional Capacity Assessment (Tr. 244-46) completed on December 20, 2006, that Miles had a limited ability to understand and remember complex or detailed instructions does not compel a different result. To be sure, Dr. Chiampi issued these reports in connection with Miles's prior application for SSI due mental impairments, not in connection with Miles's instant application for SSI due to physical impairments. As explained above, at the administrative hearing, Miles himself disclaimed that any mental impairments he may have had in the past still persist. (Tr. 37-38, 46.)

Moreover, although Dr. Chiampi found that Miles's ability to understand and remember complex or detailed instructions was limited, Dr. Chiampi ultimately concluded that he was able to "meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairment." (Tr. 246.) Indeed, Dr. Chiampi determined that Miles could be expected to understand and remember simple one and two step instructions,

perform simple, routine, repetitive work, maintain socially appropriate behavior, and sustain an ordinary routine without special supervision. (Id.) Notably, Dr. Chiampi also concluded that any of Miles's mental problems were likely related to his untreated alcohol issues. (Tr. 243.) Consistent with this assessment, Miles testified at the hearing that he overcame his mental problems approximately 6 months after he stopped drinking. (Tr. 46.) Accordingly, when viewed in context, Dr. Chiampi's finding that Miles had a limited ability to understand or remember complex or detailed instructions does not alter the ALJ's RFC assessment.

Further, while the ALJ did not explicitly reference Dr. Chiampi's findings in his opinion, the ALJ did take into account an extensive psychological evaluation conducted on November 20, 2006 by Alvin Elinow, Ph.D, who reached virtually the same conclusions as Dr. Chiampi. (Tr. 19.) During the examination, Miles informed Dr. Elinow that he had an ongoing problem with alcohol and prior issues with drugs. (Tr. 226, 229-30.) Dr. Elinow diagnosed Miles with depressive disorder and mild psychotic features,[3] and ultimately concluded that Miles would have only a slight limitation on his ability to understand, remember, and carry out short simple instructions. (Tr. 227, 229.) The ALJ accorded Dr. Elinow's assessment "substantial weight" because it was "consistent with a preponderance of the objective medical evidence of record now available." (Tr. 19.) Dr. Elinow's and Dr. Chiampi's findings hardly differ; indeed, they seem to only disagree about whether Miles has a slight or moderate limitation on his ability to understand and carry out detailed and complex instructions. However, the Court need not determine which deserves greater weight because "the possibility that two inconsistent conclusions may be drawn form the evidence contained in the administrative record does not

---

[3]Dr. Chiampi relied on these findings by Dr. Elinow in his own report. (See Tr. 243.)

prevent an agency's finding from being supported by substantial evidence," Zappala v. Barnhart, 192 F. App'x 174, 177 (3d Cir. 2006) (citing Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966)), especially given that Miles does not assert any mental limitations as a basis for his disability and has made clear that he no longer suffers from the mental impairments that he once did.

**B. Demands of Miles's Past Relevant Work**

Next, the Court rejects Miles's contention that because no vocational expert testified at the administrative hearing, the ALJ was required to take into account the job description of casino dealer in the DOT in determining the mental demands of his past relevant work. The DOT can be used to "supplement or corroborate evidence adduced from the claimant." Burnett, 220 F.3d at 124. However, use of the DOT in determining the demands of past relevant work at Step 4 of the sequential evaluation process is at the discretion of the ALJ. See Irelan v. Barnhart, 82 F. App'x 66, 72 (3d Cir. 2003) ("The DOT is not binding on the Commissioner. It is published by the Department of Labor as a tool.").[4] Thus, the ALJ was entitled to rely on Miles's own direct account of his past relevant work rather than the DOT at Step 4 of the sequential evaluation process.

At the administrative hearing, Miles testified at length about his duties as a dealer in a casino. (Tr. 41-45.) He testified that he worked the swing shift, that he worked one hour on, followed by a twenty minute break, and that he did a lot of bending but not any heavy lifting. (Tr. 42.) In his Work History Report, Miles also indicated that his job as a dealer in a casino

[4]Similarly, "[a]t step four of the sequential evaluation process, the decision to use a vocational expert is at the discretion of the ALJ." Lopez v. Comm'r of Soc. Sec., 270 F. App'x 119, 123 (3d Cir. 2008); accord Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir. 2003).

consisted of sitting or standing at the dice table, pushing and retrieving dice and dealer chips, using technical knowledge and skills, and writing and completing reports. (Tr. 185-86.) Miles did not mention any mental demands of this position in his testimony at the hearing or in his Work History Report. Curiously, Miles did not even offer the DOT description of the casino dealer position as record evidence; in fact, the first time he seems to have asserted that the DOT accurately reflects the demands of his prior position as a casino dealer was in his brief in support of his Complaint before this Court. Miles bore the burden of establishing his inability to return to his past relevant work before the ALJ. Newell, 347 F.3d at 546. Thus, he only has himself to blame for the ALJ's failure to consider any purported mental demands of his past relevant work as a casino dealer.[5]

The Court acknowledges that the ALJ did not make extensive findings of fact regarding the demands of Miles's prior job as a dealer in a casino. Indeed, the ALJ merely determined that Miles's job as a casino dealer "did not require lifting or prolonged standing or walking." (Tr. 19.) However, the ALJ did rely on Miles's Work History Report and his own testimony about the casino dealer position in reaching this conclusion. (Tr. 16-19.) Therefore, to the extent that

[5]The Third Circuit has suggested that reversal may be appropriate when an ALJ fails to account for inconsistencies between vocational expert ("VE") testimony and DOT information at Step 5 of the sequential evaluation process and substantial evidence does not otherwise exist in the record to support the result. See Rutherford v. Barnhart, 399 F.3d 546, 556 (3d Cir. 2005); Boone v. Barnhart, 353 F.3d 203, 208 (3d Cir. 2003); Burns v. Barnhart, 312 F.3d 113, 126-28 (3d Cir. 2002). In this case, however, no VE testified at the administrative hearing and Miles's challenges relate solely to the ALJ's determinations at Step 4 of the sequential evaluation process. The ALJ never reached Step 5. Moreover, even at Step 5, the Third Circuit has "not adopt[ed] a general rule that an unexplained conflict between a VE's testimony and the DOT necessarily requires reversal." Jones v. Barnhart, 364 F.3d 501, 506 n. 6 (3d Cir. 2004) (quoting Boone, 353 F.3d at 206) (alteration in original).

the ALJ erred by not making more extensive findings of fact regarding the demands of Miles's prior job as a dealer in a casino, any such error was harmless.

**C. Comparison of Miles's RFC and Demands of His Past Relevant Work**

Finally, the Court rejects Miles's contention that, by failing to consider the DOT, the ALJ could not adequately compare Miles's RFC assessment with the physical and mental demands of his past relevant work, or properly evaluate Miles's ability or inability to perform functional activities in his work. Indeed, an ALJ's failure to consider the DOT in his written opinion is not fatal. See Garibay v. Comm'r of Soc. Sec., 336 F. App'x 152, 160 n.3 (3d Cir. 2009) ("Neglecting to expressly perform [a] comparison [between claimant's RFC and the DOT definition of a secretary] in the written opinion renders appellate review more difficult but does not warrant remand under the circumstances of this case."). Here, the ALJ expressly "compar[ed] the claimant's [RFC] with the physical and mental demands of [his past relevant work as a dealer in a casino]" and found that "the claimant is able to perform it as actually and generally performed." (Tr. 19.) Based on the foregoing analysis, the Court cannot say that the ALJ's conclusion is unsupported by substantial evidence.

## V. Conclusion

For the foregoing reasons, and after careful consideration of all of the parties' arguments, Miles's request for review is DENIED and his Complaint is DISMISSED with prejudice.

An appropriate Order follows.

O:\CIVIL 11-12\11-2928 Miles v Astrue\Memo re Request for Review.wpd